IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERNEST KRAMME                                              PLAINTIFF

           V.                CIVIL NO. 05-2072

SAFELITE GROUP, INC.,
SAFELITE FULFILLMENT, INC.,
SAFELITE GLASS CORPORATION,
and SAFELITE AUTOGLASS, INC.                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendants' Motion for Summary Judgment, Statement of Facts, and Brief in Support (Docs. 11, 12 & 13), and Plaintiff's Response and Brief in Support (Docs. 27 & 28). Plaintiff filed suit against his employer (Defendant Safelite), which alleged his employment was terminated on the basis of his age.[1] Plaintiff asserted claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq*. (Doc. 1) For reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

### A. BACKGROUND

The following facts are undisputed except where otherwise noted. Plaintiff was sixty-three years of age at the time of his termination, and had been employed by Defendants from approximately

---

[1] Plaintiff filed an age discrimination claim with the Equal Employment Opportunity Commission (EEOC) on May 7, 2004. On January 26, 2005, the EEOC issued a finding that it was unable to conclude the Defendants violated a statute. Plaintiff was given ninety (90) days from the EEOC finding to institute a civil action. Plaintiff filed the present suit on April 25, 2005, within the required time. Doc. 1, p. 2; Exhibit A.

July 1986, to February 13, 2004, when he was terminated. Plaintiff was told by the Regional Sales Manager, Gary Hunter, that he was being terminated due to a corporate decision involving restructuring. At the time of his termination, Plaintiff earned between $75,000 - $100,000 per year.

Defendants contend that Plaintiff was terminated because of restructuring that resulted in the elimination of Plaintiff's position. Plaintiff's sales territory was split between sales representatives that lived in major metropolitan areas (Kansas City and Dallas) and that were in close proximity to Defendant's warehouses. Plaintiff lived more than two hours from any of Defendants' warehouses. (Doc. 13, pp. 1-2)

Plaintiff alleges that he was terminated because of his age, and of his high rate of pay. He also alleges that several other older workers had been terminated due to age.

## B. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden of proof is on the moving party to set forth the basis of its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574 (1986). "The non-moving party, however, must still 'present evidence

2

sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [their] favor.'" *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1003-4 (8th Cir. 2005) (quoting *Gregory v. City of Rogers, Ark.*, 976 F.2d 1006, 1010 (8th Cir. 1992)). Summary judgment is appropriate where a plaintiff fails to present evidence sufficient to create a jury question as to an essential element of his claim. *Turner v. Honeywell Fed. Manuf. & Tech.*, 336 F.3d 716, (8th Cir. 2003). The Court must keep in mind, however, that summary judgment is to be used sparingly in employment discrimination cases. *Id*. However, Federal Rule of Civil Procedure 56 does not contain an exception for discrimination cases, and it is useful in determining whether a case merits a trial. *Pope*, 406 F.3d at 1006 (citing *Berg v. Norand Corp.* 169 F.3d 1140, 1144 (8th Cir. 1999)).

Plaintiff contends that he was terminated because of his age and its correlation to higher wages. Plaintiff contends that he received a higher salary than younger workers and that other older workers had also been terminated. Defendants deny that the decision to terminate Plaintiff was motivated by Plaintiff's age and contend the decision was based solely on corporate restructuring that eliminated Plaintiff's position.

## C. AGE DISCRIMINATION

The ADEA provides that it is unlawful for an employer to discharge any person in the protected class (age forty and older)

"because of such individual's age." 29 U.S.C. § 623(a)(1) (1988). In order to establish a prima facie case of age discrimination under the ADEA, a plaintiff must establish that: (1) he was within the protected age group; (2) he met applicable job qualifications; (3) he was discharged; and (4) after his termination, the position remained open or the employer hired a person not in the protected class to fill this opening. *Id*. "During a reduction in an employer's work force," however, the fact that the plaintiff's duties were assumed by a younger person is "not in itself enough to establish a prima facie case." *Id*. Therefore, in a reduction-in-force case, the plaintiff is required to come forward with additional evidence that age was a factor in his termination. *Id*.

If a plaintiff can establish a prima facie case, the analysis then moves to one of two burden-shifting standards. When a plaintiff produces direct evidence, such as statements by decision-makers clearly showing that age was a motivating factor in the employment decision; or at least significant circumstantial evidence showing a specific link between the discriminatory animus and the challenged employment decision, the burden-shifting standards established by *Price-Waterhouse v. Hopkins*, 490 U.S. 228 (1989), come into play. *Simmons v. New Pub. Sch. Dist. No. Eight*, 251 F.3d 1210, 1215 (8th Cir. 2001). "The Supreme Court has defined direct evidence in the negative by stating that it excludes 'stray remarks in the workplace,' 'statements by nondecision-makers,' and 'statements by

4

decision-makers unrelated to the decisional process itself.'" *EEOC v. Liberal R-II*, 314 F.3d 920, 923 (8th Cir. 2002) (quoting *Price Waterhouse*, 490 U.S. at 227). Once direct evidence exists, "the burden shifts to the employer to show that it would have reached the same employment decision absent any discrimination." *Id.* (citations omitted). In the absence of such evidence, the three-part burden shifting framework set forth in the *McDonnell Douglas* paradigm is applicable to determine if circumstantial evidence exists. *McDonnell Douglas v. Green*, 411 U.S. 792 (1973); *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 806 (8th Cir. 2003).

Even if Plaintiff established a prima facie case, the Court nonetheless finds that Plaintiff has failed to produce any direct evidence of age discrimination. The only evidence of discrimination produced by Plaintiff was his opinion that, because of his age, he made a higher salary than younger employees, and this motivated Defendants to terminate him. The Plaintiff also contends other older employees were terminated, although Plaintiff admitted he was not aware of the circumstances surrounding terminations of these employees. (Doc. 12, at pp. 51-53) Because Plaintiff has failed to produce direct evidence or specific circumstantial evidence of age discrimination, Plaintiff's discrimination claims would properly be analyzed under the *McDonnell Douglas* standard. However, Plaintiff's allegations of circumstantial evidence are not enough to survive summary judgment.

5

The Court finds that Plaintiff cannot establish the fourth element of his prima facie case, *viz*, that his position remains open or was filled by someone younger. Defendants contend that a new plan for sales made it imperative for the sales force to be located near Defendants' warehouses. (Doc. 13 at p. 7) Since Plaintiff resided more than two hours away from the closest warehouse, his position was eliminated and the territory was divided among other sales force members. *Id*. Plaintiff has not demonstrated a "genuine factual controversy regarding whether the legitimate, nondiscriminatory reason is a pretext for an intent to discriminate based on age." *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 855 (8th Cir. 2003). Plaintiff has not shown that age played any role in his termination. Accordingly, Defendants' motion for summary judgment is **GRANTED.**

**D. CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment (Doc. 11) is **GRANTED**. Therefore, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.** A separate judgment will be entered accordingly.

IT IS SO ORDERED this 22nd day of November 2006.

/S/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)